IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| WAV SERIES, LLC, a limited liability company of Illinois, | : | |
| | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. |
| | : | |
| vs. | : | 1:19-CV-3948-CC |
| | : | |
| PRESTIGE HELICOPTERS, INC., a Georgia corporation; and MICHAEL RUSSELL, an individual, | : | |
| | : | |
| | : | |
| | : | |
| Defendants. | : | |

## **OPINION AND ORDER**

The above-styled action is before the Court on several motions, including the following: (1) Defendants' Motion for Sanctions Against Plaintiff for Failure to Comply with a Court Order [Doc. No. 37]; (2) Plaintiff's Motion to Dismiss [Doc. No. 40]; (3) Plaintiff's Motion Under Rule 60 to Vacate the Court's Order [26] (the "Motion to Vacate") [Doc. No. 42]; (4) Defendant's Cross-Motion to Dismiss Plaintiff's Case with Prejudice [Doc. No. 45]; (5) Plaintiff's Motion to Compel Discovery [Doc. No. 56]; (6) Plaintiff's Motion for Sanctions Pursuant to 28 U.S.C. § 1927 and/or the Court's Inherent Power [Doc. No. 57]; and (7) Defendants' Motion for Protective Order from Responding to Further Discovery [Doc. No. 62]. For the reasons stated below, the Court **DENIES** the Motion to Vacate, **GRANTS**

Plaintiff's Motion to Dismiss with conditions, **DENIES** Defendant's Cross-Motion to Dismiss Plaintiff's Case with Prejudice, **AWARDS** Defendants $17,351 in connection with Defendants' previously-adjudicated Motion to Compel, and **DENIES** all other pending motions **as moot**.

## I.     BACKGROUND

### A.     Facts

This lawsuit is for damages to a helicopter owned by Plaintiff WAV Series, LLC ("Plaintiff").   Defendant Michael Russell ("Russell") had agreed to fly Plaintiff's helicopter from a repair facility near Chicago to Plaintiff's residence near Fort Meyers, Florida.  While en route south of Macon, Georgia, the engine quit due to fuel starvation, and Russell had to perform an "autorotation" landing in a cotton field.  Plaintiff claims the helicopter was damaged during the landing.  Defendant Russell and Defendant Prestige Helicopters, Inc. ("Prestige") (collectively referred to herein as "Defendants") contend that little, if any, damage was incurred in the landing, and that Plaintiff's repair costs were actually related to pre-existing problems and unrelated betterments.

### B.     Procedural History

Plaintiff commenced this action against Defendants on September 3, 2019. (Doc. No. 1.)   Defendants filed their Answer and Affirmative Defenses on November 1, 2019.  (Doc. No. 3.)  The parties submitted a Joint Preliminary Report

and Discovery Plan on December 2, 2019.  (Doc. No. 8.)  On December 3, 2019, the Court entered a Scheduling Order, placing this case on an eight-month discovery track.  (Doc. No. 9.)  Defendants filed their Initial Disclosures on December 16, 2019.  (Doc. No. 11.)  The Plaintiff never filed any Initial Disclosures.

Defendants served Defendants' Requests for Production to Plaintiff ("Defendants' First Requests") on December 18, 2019.  (See Doc. No. 12.)  Plaintiff's responses were due on January 17, 2020.  Plaintiff did not serve its responses until February 5, 2020.  (See Doc. No. 13.)  Even after being 19 days late, the responses were deficient.

On February 11, 2020, Defendant served Defendants' Requests for Production to Plaintiff ("Defendants' Second Requests").  (See Doc. No. 14.) Plaintiff's responses to Defendants' Second Requests were due on March 12, 2020. Plaintiff never served responses to Defendants' Second Requests.

On March 18, 2020, Plaintiff's counsel communicated to defense counsel by email that he had been unable to respond to multiple communications from Defendants seeking discovery responses or return communication because counsel's plane was destroyed by a tornado in Nashville.  (See Doc. No. 26-5.)

On March 24, 2020, Plaintiff's counsel communicated to Defendants' counsel that due to a possible misunderstanding related to his schedule, and "issues relating to the Lawyers-Pilots Bar Association convention, the tornado

destruction of my airplane, and the ongoing COVID-19 pandemic" he had not responded to multiple emails from Defendants related to discovery.  (Doc. No. 26-6 at 1-2.)  Plaintiff's counsel mentioned that his wife was particularly at risk due to age and medical conditions, and Plaintiff's counsel suggested that all depositions be postponed and that the parties seek a three-month extension of the discovery period.  (Id.)

Defendants' Third Requests for Production to Plaintiff ("Defendants' Third Requests") and Defendants' First Interrogatories to Plaintiff ("Defendants' First Interrogatories") were served on April 3, 2020.  (See Doc. No. 20.)  Plaintiff's responses to Defendants' Third Requests and First Interrogatories were due on May 3, 2020.  Plaintiff never served responses to either Defendants' Third Requests or Defendants' First Interrogatories.

On May 12, 2020, Defendants moved the Court to compel Plaintiff to: (1) supplement their deficient responses to Defendants' Rule 34 Requests for Production to Plaintiff; (2) respond to Defendants' Rule 34 Requests for Production to Plaintiff (Second); (3) respond to Defendants' Rule 34 Requests for Production to Plaintiff (Third); (4) respond to Defendants' First Interrogatories to Plaintiff; and (5) file and serve the Plaintiff's Rule 26(a) Initial Disclosures.  (Doc. No. 26.) Plaintiff's response to the Motion to Compel was due on May 28, 2020.  Plaintiff never filed a response, and Defendants filed a Notice of Non-Opposition by

Plaintiff to Defendants' Motion to Compel Discovery and Memorandum on June 2, 2020.  (Doc. No. 30.)  Plaintiff still did not file a response to the Motion to Compel.

On June 3, 2020, the Court entered an Order granting the Motion to Compel and ordering Plaintiff to take the following actions within fourteen (14) days of the Order:  (1) supplement its deficient responses to Defendants' Rule 34 Requests for Production to Plaintiff; (2) respond to Defendants' Rule 34 Requests for Production to Plaintiff (Second); (3) respond to Defendants' Rule 34 Requests for Production to Plaintiff (Third); (4) respond to Defendants' First Interrogatories to Plaintiff; and (5) file and serve the Plaintiff's Rule 26(a) Initial Disclosures.   (Doc. No. 31.) Further, pursuant to Federal Rule of Civil Procedure 37(a)(5), the Court granted Defendants' request to recover the attorneys' fees they incurred in filing Defendants' Motion to Compel Discovery.  (Id.)

Also on June 3, 2020, Defendants filed a Motion to Amend the Scheduling Order and Incorporated Memorandum of Law ("Defendants' Motion to Amend"). (Doc. No. 32.)  Defendants sought to extend some discovery deadlines because despite their diligence, Plaintiff's failure to participate in discovery "significantly hampered their ability to complete discovery necessary for this case."  (Id.)

On June 16, 2020, as was ordered by the Court on June 3, 2020, Defendants filed an accounting statement of the legal fees incurred for bringing Defendants'

Motion to Compel.  (Doc. Nos. 33, 33-1, 33-2.)  Defendants provided a detailed accounting of the total fees that were incurred in bringing Defendants' Motion to Compel.  (Doc. No. 33.)  These fees totaled $17,351.  (Id.)

On June 17, 2020, Plaintiff timely filed Plaintiff's Response to Defendants' Motion to Amend Scheduling Order ("Plaintiff's Response to Motion to Amend"). (Doc. No. 34.)  This filing was 36 days after Defendants filed their Motion to Compel and 14 days after the Court's Order on the Motion to Compel.  In this first filing by Plaintiff since February 6, 2020, Plaintiff agreed that discovery should be extended but for a much longer time period than Defendants requested in Defendants' Motion to Amend.  (Doc. No. 34.)  In support of a further extension of the scheduling deadlines, Plaintiff referenced the global COVID-19 pandemic and the risks of exposure for Plaintiff's legal counsel and his wife to the virus as reason for the extended deadlines.  (Id.)  Plaintiff's counsel did not mention any issues related to Plaintiff.

While the above-mentioned motion practice was taking place in Court, on May 27, 2020, Defendants served Defendants Prestige Helicopters, Inc. and Michael Russell's First Requests for Admissions to Plaintiff ("Defendants' First Request For Admissions").  (Doc. No. 29.)  Plaintiff's responses to Defendants' First Requests for Admissions were due June 26, 2020.  Plaintiff served untimely responses to Defendants' First Requests for Admissions on June 29, 2020.

On June 28, 2020, Plaintiff's response to rebut Defendants' statement and accounting of the legal fees incurred in making the Motion to Compel was due pursuant to the Court's Order.  (Doc. No. 31.)  Plaintiff filed an untimely rebuttal on July 18, 2020.  (Doc. No. 43.)

On July 9, 2020, Defendants filed Defendants' Motion for Sanctions Against Plaintiff for Failure to Comply with a Court Order ("Defendants' Motion for Sanctions").  (Doc. No. 37.)

On July 15, 2020 the Plaintiff filed its Motion to Dismiss.  (Doc. No. 40.) Plaintiff still had not responded to Defendants' discovery requests as was ordered by the Court.  (Doc. No. 31.)  Plaintiff moved to dismiss its case without prejudice because the Managing Member for the Plaintiff, John Wilson, had become "extremely ill" sometime in April, making it impossible to participate in litigation. (Doc. No. 40-1.)

On July 16, 2020, Defendants filed a Notice of Defendants' Intention to Respond and Oppose Plaintiff's Motion to Dismiss.  (Doc. No. 41.)  The following day, Plaintiff filed Plaintiff's Motion to Vacate with an attached Declaration of Helen Wilson, the wife of the Managing Member of the Plaintiff.  (Doc. Nos. 42, 42-2.)  By the Motion to Vacate, Plaintiff sought relief from the Court's Order granting the Motion to Compel and awarding Defendants fees incurred in bringing the Motion to Compel.  Defendants filed briefs opposing both the Motion

to Dismiss and the Motion to Vacate, and Defendants filed their own Cross Motion to Dismiss Plaintiff's Case with Prejudice.  (Doc. Nos. 45, 47.)

Despite the pending motions for dismissal and the representation that Plaintiff's Managing Member would not be able to participate in the litigation for the foreseeable future, Plaintiff thereafter propounded its own discovery requests for the first time in the litigation.  In this regard, on August 7, 2020, Plaintiff served Plaintiff's First Interrogatories, Requests for Production, and Demands for Admission to Defendant Prestige Helicopters, Inc.  (Doc. No. 50.)  On that same date, Plaintiff served Plaintiff's First Interrogatories, Requests for Production, and Demands for Admission to Defendant Michael Russell.  (Doc. No. 51.)  Defendants served responses to the discovery on September 9, 2020, lodging several objections.  (Doc. No. 54.)

Dissatisfied with the discovery responses of the Defendants, on September 30, 2020, Plaintiff filed Plaintiff's Motion to Compel Discovery and Plaintiff's Motion for Sanctions Pursuant to 28 U.S.C. § 1927 and/or the Court's Inherent Power.  (Doc. Nos. 56, 57.)  Defendants opposed both motions and filed Defendants' Motion for Protective Order from Responding to Further Discovery.  (Doc. No. 62.)

## II.    DISCUSSION

### A.    Motion to Vacate and Award of Fees for Motion to Compel

Plaintiff moves the Court to vacate its Order granting Defendants' Motion to Compel.  Plaintiff maintains that its Managing Member, John Wilson, was severely ill at all times relevant to the circumstances that resulted in the Court's Order granting the Motion to Compel and further asserts that this made it impossible for Mr. Wilson to communicate with counsel or to actively assist with discovery responses.  At the time of Plaintiff's filing of the Motion to Vacate, counsel represented that Mr. Wilson continued to be severely ill, was under the care of multiple physicians, and likely would not be able to actively participate in the litigation for an undetermined period of time.

Federal Rule of Civil Procedure 60(b) provides a means for a party to seek relief from a judgment or order.  Rule 60(b) permits courts to relieve parties from orders for reasons such as mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, or "any other reason that justifies relief."  See Fed. R. Civ. P. 60.  Rule 60 requires that the moving party "demonstrate a justification for relief so compelling that the district court [is] required to grant [the] motion."  Maradiaga v. United States, 679 F.3d 1286, 1291 (11th Cir. 2012) (citations omitted).  "Under Rule 60(b)(6) a party must demonstrate circumstances that are 'sufficiently extraordinary' and [e]ven then, whether to grant the

requested relief is . . . a matter for the district court's sound discretion." Booker v. Singletary, 90 F.3d 440, 442 (11th Cir. 1996).

Plaintiff maintains in this case that relief from the Order granting the Motion to Compel is justified under Rule 60(b)(1) on the basis of excusable neglect and under Rule 60(b)(6)'s catch-all provision.  The Court disagrees.

As an initial matter, many of Plaintiff's discovery failures preceded Mr. Wilson's illness in April.  Plaintiff's Initial Disclosures, which still have not been filed, were due on December 19, 2019.  Plaintiff's responses to Defendants' First Requests on February 5, 2020, were 19 days late and still deficient.  Plaintiff's responses to Defendants' Second Requests were due on March 12, 2020 but were not provided.  Thus, some of the discovery failures that led to the Order granting the Motion to Compel and awarding fees are wholly unrelated to Mr. Wilson's illness.

Moreover, as to those discovery issues that arose after Mr. Wilson became ill, Plaintiff's counsel is at fault for not communicating with opposing counsel and the Court regarding the challenges he was having communicating with his client. Plaintiff's counsel easily could have requested a conference with the Court and opposing counsel and/or sought an extension of time or a stay of the discovery period, given the highly unusual circumstances.  At the very least, Plaintiff's counsel could have filed a response to the Motion to Compel and also could have

filed a timely response to Defendants' accounting statement of the legal fees incurred for bringing Defendants' Motion to Compel.  If Plaintiff's counsel felt uncomfortable filing a substantive response without his client's authorization, he could have sought an extension of time to respond.   Plaintiff's counsel unacceptably did not take any action in response.

Notably, Defendants' filed their Motion to Compel only after initiating at least nine (9) attempts to communicate with Plaintiff over a period of approximately five (5) months.   Since Plaintiff never filed a response to Defendants' Motion to Compel, communicated with Defendants, or even sought a conference with or extension from the Court, the Court granted the Motion to Compel on June 3, 2020.  The Court gave Plaintiff 14 days from the date Defendants submitted a declaration in support of their request for fees to file a rebuttal regarding the amount and reasonableness of the fees.

The day after Defendants filed their Declaration and statement of fees incurred in bringing the Motion to Compel, Plaintiff filed a response to Defendants' Motion to Amend Scheduling Order.  Notably, however, Plaintiff did not address the Motion to Compel, the Order granting the Motion to Compel, or the Defendants' Declaration.  Instead, Defendant waited until 45 days after the Court's Order granting the Motion to Compel to file this Motion to Vacate.

Plaintiff has not met its burden of showing entitlement to relief under Rule

60.  While the Court is sensitive to the illness of Plaintiff's Managing Member, many of Plaintiff's discovery failures preceded that illness.  Even after Mr. Wilson became ill, Plaintiff was represented, at all times, by counsel.  Plaintiff's counsel could and should have communicated more effectively with opposing counsel and the Court.  Plaintiff's counsel inexcusably failed to do so.

For these reasons, the Court **DENIES** the Motion to Vacate and also will not consider Plaintiff's untimely rebuttal to Defendants' statement and accounting of the legal fees incurred in making the Motion to Compel.

The Court has reviewed Defendants' submissions in support of the fee award and finds that the fees and hours logged in bringing the Motion to Compel are reasonable.  The Court acknowledges that the total fee amount of $17,351 is more than what the Court typically awards in connection with a party that has brought and prevailed on a motion to compel.  However, the fees increased in this case because Defendants had to address multiple discovery failures by Plaintiff and because Plaintiff and its counsel simply failed to engage at different points in discovery, which required defense counsel to have to follow up multiple times.  Accordingly, the Court **AWARDS** Defendants $17,351 in fees, and this amount shall be paid by Plaintiff and Plaintiff's counsel.

B.    Motions to Dismiss

Plaintiff moves the Court to dismiss this case without prejudice, due to the

illness of its Managing Member, Mr. Wilson.  Defendants oppose this request and urge the Court to dismiss the case with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

Federal Rule of Civil Procedure 41(a)(2) provides, in pertinent part, the following:

> Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. . . .Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

A district court is vested with broad discretion in applying Rule 41, and its decision is subject to review only for abuse.  LeCompte v. Mr. Chip, Inc., 528 F.2d 601, 605 (5th Cir. 1976).  The outcomes in the reported cases thus are strongly dependent on the facts and circumstances of each particular case as viewed by the district court.

In exercising its discretion, "the court should keep in mind the interests of the defendant, for it is his position which should be protected."  Id. at 604; see also McCants v. Ford Motor Co., 781 F.2d 855, 856 (11th Cir. 1986) ("[A] district court considering a motion for dismissal without prejudice should bear in mind principally the interests of the defendant, for is the defendant's position that the court should protect.").  "[T]he equities of the plaintiff are not a subject for consideration under the rule."  Spencer v. Moore Business Forms, Inc., 87 F.R.D

118, 119 (N.D. Ga. 1980). "A plaintiff ordinarily will not be permitted to dismiss an action without prejudice under Rule 41(a)(2) after the defendant has been put to considerable expense in preparing for trial, except on condition that the plaintiff reimburse the defendant for at least a portion of his expenses of litigation." McCants, 781 F.2d at 860.

"Nevertheless, in most cases a dismissal should be granted unless the defendant will suffer some legal harm." LeCompte, 528 F.2d at 604. "What suffices to require a court to exercise its discretion to deny the motion, or to dismiss with prejudice, has been variously described as harm 'manifestly prejudicial to the defendant,' . . . 'substantial legal prejudice' to defendant, . . . and the loss of any 'substantial right.' " Spencer, 87 F.R.D. at 119-120 (internal citations omitted). "The crucial question to be determined is, would the defendant lose any substantial right by the dismissal." Pontenberg v. Boston Scientific Corp., 252 F.3d 1253, 1255 (11th Cir. 2001). "Although we have said that in most cases a voluntary dismissal should be allowed unless the defendant will suffer some plain prejudice other than the mere prospect of a second lawsuit, the decision whether or not to grant such a dismissal is within the sound discretion of the district court…." Fisher v. Puerto Rico Marine Mgmt., Inc., 940 F.2d 1502, 1502-1503 (11th Cir. 1981) (citations omitted).

The presence or absence of bad faith is often cited as an important

consideration in determining the propriety of denying a motion for voluntary dismissal without prejudice.  See, e.g., Pontenberg, 252 F.3d at 1259 ("delay alone, in the absence of bad faith, is insufficient to justify a dismissal with prejudice"); McCants, 781 F.2d at 859 (noting the attention to the absence of bad faith in Durham v. Florida East Coast Railway Co., 385 F.2d 366 (5th Cir. 1967), and finding no bad faith that would support reversing the district court's dismissal of the case without prejudice); Jones v. Smartvideo Techs., Inc., No. 1:06-cv-2760-WSD, 2007 WL 1655855, at *2, 3 (N.D. Ga. June 4, 2007) (emphasizing bad faith caveat articulated in Pontenberg and finding no bad faith that would warrant denying motion to dismiss without prejudice); Brooks v. State Board of Elections, 173 F.R.D. 547, 550 (N.D. Ga. 1997)("no dilatoriness or sanctionable conduct is alleged").

Similarly, bad faith is the touchstone for the exercise of the Court's inherent power.  Chambers v. Nasco, Inc., 501 U.S. 32, 45-46, 111 S.Ct. 2123, 115 L. Ed. 2d 27 (1991); Barnes v. Dalton, 158 F.3d 1212, 1214 (11th Cir. 1998) (giving examples of conduct sufficient to invoke inherent power).  One specific application of the court's inherent power is "the imposition of sanctions for spoliation of evidence in a diversity suit."  Flury v. Daimler Chrysler Corp., 427 F.3d 939, 943-944 (11th Cir. 2005).

Having considered the particular circumstances of this action, including Mr. Wilson's illness, and keeping in mind the need for the Court to protect the interests

of the Defendants, the Court will dismiss this action without prejudice but with the following conditions:

1. As previously ordered herein, Plaintiff and Plaintiff's counsel are required to pay Defendants the reasonable amount of legal fees, $17,351, in full, before the case is terminated.

2. Except for those fees that have already been awarded and shall be paid in connection with Defendants' Motion to Compel, Plaintiff shall be required to pay the full costs of legal fees and expenses to Defendants incurred from the date of Plaintiff's filing of the Complaint in this lawsuit until the case is terminated, before Plaintiff can bring any new action against Defendants related to the claims in the present lawsuit;

3. Plaintiff shall be responsible for the payment of all incurred court costs in this lawsuit.

4. Plaintiff shall respond to all outstanding discovery requests propounded by Defendants on Plaintiff in this lawsuit if the Plaintiff refiles their present claims in any other court.

## III.    CONCLUSION

Based on the foregoing, the Court **DENIES** Plaintiff's Motion Under Rule 60 to Vacate the Court's Order [26] [Doc. No. 42], **GRANTS** Plaintiff's Motion to Dismiss [Doc. No. 40], and **DENIES** Defendant's Cross-Motion to Dismiss

Plaintiff's Case with Prejudice [Doc. No. 45].  Defendants' Motion for Sanctions Against Plaintiff for Failure to Comply with a Court Order [Doc. No. 37], Plaintiff's Motion to Compel Discovery [Doc. No. 56], Plaintiff's Motion for Sanctions Pursuant to 28 U.S.C. § 1927 and/or the Court's Inherent Power [Doc. No. 57],[1] and Defendants' Motion for Protective Order from Responding to Further Discovery [Doc. No. 62] are **DENIED as moot**.

The Court **AWARDS** Defendants $17,351 in fees incurred in bringing Defendants' Motion to Compel, and the Clerk shall immediately enter a judgment in this amount against Plaintiff and Plaintiff's counsel.

The Court **DISMISSES** this action **without prejudice** with the conditions set forth above.  The Clerk, however, shall not terminate the action until the Court receives notice that Plaintiff and Plaintiff's counsel have paid Defendants the $17,351, in full.

Defendants are **DIRECTED** to notify the Court of receipt of payment within five (5) days of receiving payment.

SO ORDERED this 12th day of April, 2021.

---

[1] Even if the Court were to consider the merits of this motion, the Court would deny the motion.  Plaintiff's counsel unnecessarily expanded this litigation by pursuing discovery after both parties had moved the Court to dismiss the case.  Both Plaintiff and Defendants should have sought a stay of discovery pending the adjudication of the motions to dismiss.

_s/   CLARENCE COOPER_
CLARENCE COOPER
SENIOR UNITED STATES DISTRICT JUDGE